IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DARREN HOGUE,**

    Petitioner,

v.

**MARK NOOTH,**

    Respondent.

**Civ. No. 2:12-cv-02300-CL**

**OPINION AND ORDER**

**MCSHANE, Judge**:

For the following reasons, Judge Mark Clarke's Findings and Recommendation (ECF No. 79) is ADOPTED, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

## BACKGROUND

Magistrate Judge Mark Clarke filed his Findings and Recommendation on September 12, 2016. Magistrate Judge Clarke recommended that the petition for habeas corpus relief be denied, finding that (1) the state court adjudicated petitioner's claim on its merits and (2) the court owes deference to the Post-Conviction Relief (PCR) court's conclusion that petitioner knowingly, voluntarily, and intelligently entered his plea agreement, which is supported by the record. Further, Judge Clarke recommended that petitioner's request for an evidentiary hearing be denied. The matter is now before me. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. 28 U.S.C.§ 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Petitioner has filed timely objections to the Findings and Recommendation. Therefore, I have given *de novo* review of Judge Clarke's rulings.

## DISCUSSION

Petitioner argues ineffective assistance of counsel, claiming that his attorney failed to ensure the petitioner's waiver of collateral remedies was knowing, intelligent, and voluntary, making his guilty pleas and waivers effectively coerced. He further argues that he is entitled to an evidentiary hearing. Judge Clark determined that the sole issue was whether petitioner's wavier of collateral remedies, which was included in his plea agreement, is enforceable.

### A. Whether the Post-Conviction Court's Ruling was Determined on the Merits

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, where the claim was adjudicated on the merits in state court, this court shall grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner argues that the PCR court dismissed his claim on procedural grounds. The PCR court's Order Granting Defendant's Motion for Summary Judgment did find that "[P]etitioner failed to file his petition within the 60 day period provided in his detailed Waiver of Direct Appeal and Collateral Remedies." However, the PCR court also found that:

> 4. The discussion on the record at the plea hearing regarding the plea agreement and the contents of the waiver document, evidence that petitioner was of sound mind, and that he executed the waiver of post conviction remedies and collateral relief freely, voluntarily and knowingly.

In his Findings and Recommendation, Judge Clarke determined that "petitioner's argument that 'because Mr. Hogue initiated his post-conviction case outside the negotiated sixty-day time limit, the PCR court dismissed his case on procedural grounds,' . . . is somewhat disingenuous," and that "[i]mplicit in the finding that petitioner's waiver was voluntary and knowing is that his attorney was not defective for failing to properly advise him regarding the plea and waiver." He therefore found that the PCR court's finding that the petitioner's plea and waiver was knowing and voluntary was the PCR court's finding on the merits of petitioner's ineffective assistance of counsel claim.

Having determined that the state court decided the petitioner's claim on the merits, Judge Clarke applied 28 U.S.C. § 2254(d)'s reasonableness standard and determined that the PCR court's finding is supported by the record and entitled to deference. While Judge Clarke's reading of the PCR court's Order is reasonable, because the PCR court did not expressly find that petitioner's counsel was not defective I will analyze the merits of petitioner's claim of ineffective assistance of counsel here. As the analysis will show, petitioner does not meet his burden.

### B. *Strickland Analysis of the Ineffective Assistance of Counsel Claim*

The test applied to an ineffective assistance of counsel claim is from the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). To "show that counsel's assistance was so defective as to require reversal of a conviction," *Strickland* requires the petitioner to meet both prongs of a two-prong test: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 687. To demonstrate that counsel's performance was deficient, petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To show prejudice, petitioner must evidence "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To meet the prejudice requirement regarding a plea agreement, the petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Resolution of the prejudice question in a plea case "will depend largely on whether [an] affirmative defense likely would have succeeded at trial." *Id.*

*i.    The Record*

The record does not meet petitioner's *Strickland* burden. Rather, the record reflects that petitioner's attorney negotiated a highly favorable plea. Petitioner was indicted on six measure 11 counts: two counts each of Rape in the First Degree, Sodomy in the First Degree, and Sexual Abuse in the First Degree. The District Attorney, as part of the plea agreement, agreed to dismiss all the indictment's charges and allow petitioner to enter a guilty plea on two counts of Rape in the Second Degree, a lesser charge. The plea reduced petitioner's potential sentence exposure by 400 months, from 550 to 150.

The record reflects that petitioner's victim, who is also his daughter, described the facts leading to the charges in a written statement and that the trial court told the petitioner:

> Well [petitioner], certainly the facts that are presented by [G's] letter suggest to this court that this would have been a pretty nasty trial and you are fortunate that your attorney and [the prosecutor] were able to come to a compromise because certainly the potential term of incarceration you face if you had gone to trial and been convicted would have been significantly more time. So in that regard, your attorney has done an able job . . . to get you this negotiation.

Based on the victim's letter, the potential sentence exposure, and the trial court's statement, it appears that petitioner's trial attorney negotiated a favorable agreement on petitioner's behalf and that petitioner would not have insisted on going to trial but for his counsel's error.

Petitioner alleges evidence casting doubt on the victim's statements, but he did not offer that evidence to the PCR court nor has he presented it here. He has further failed to allege facts to support his coercion claim. The record fails to support petitioner's Sixth Amendment ineffective assistance of counsel claim.

### ii. *Whether the Court Looks Beyond the Record*

Petitioner claims, however, that this court should look outside of the record by way of an evidentiary hearing. Petitioner does not meet his burden for this court to grant an evidentiary hearing.

"Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state court proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000). For this court to look outside of the record where "the applicant has failed to develop the factual basis of a claim in State court proceedings," petitioner must meet the requirements put forward in 28 U.S.C. § 2254(e)(2). That statute prohibits an evidentiary hearing on the claim unless petitioner can show that the claim relies on either a new rule of constitutional law, which was previously unavailable and which the Supreme Court has since made retroactive to cases on collateral review or "a factual predicate that could not have been previously discovered through the exercise of due diligence," in addition to the underlying facts of the claim being sufficient to show "by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(A) – (B).

The AEDPA does not apply if petitioner has acted diligently in developing his claims at the state court level but has not been able to do so. *Williams v. Taylor*, 529 U.S. at 423. In *Williams*, the Court allowed the petitioner to develop evidence relating to some claims because nothing in the record would have put a reasonable attorney on notice regarding those issues, but the Court did not allow petitioner to develop new evidence for his ineffective assistance claim because his state habeas attorney did not diligently develop the claim despite evidence that should have put the attorney on notice. *Id.* at 439-40.

Petitioner argues that he was not able to develop his claims because his claim was dismissed on a procedural bar. Even assuming the PCR court dismissed petitioner's claim on procedural grounds, that court still heard arguments relating to the merits. Further, Petitioner had more than a year from the time he filed his petition until the hearing for summary judgment. He failed to develop evidence during that time, which constitutes a lack of diligence. Therefore, petitioner did not meet the diligence requirement of 28 U.S.C. § 2254(e)(2)(A)(ii) and is not entitled to an evidentiary hearing.

## CONCLUSION

Based on the facts as reported in the record and petitioner's failure to meet the requirements for an evidentiary hearing, I ADOPT Judge Clarke's Recommendation (ECF No. 79), and Petitioner Hogue's petition for writ of habeas corpus (ECF No. 1) is DENIED.
IT IS SO ORDERED.


DATED this 1 day of May, 2017.


---
**Michael J. McShane**
**United States District Judge**